UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JAMES EDWARD WALKER,

          Petitioner,                  Case No. 2:18-cv-134

v.                                        Honorable Paul L. Maloney

CONNIE HORTON,

          Respondent.
_____/

**REPORT AND RECOMMENDATION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

Petitioner James Edward Walker is incarcerated with the Michigan Department of Corrections at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan.  Following a jury trial in the Ingham County Circuit Court, Petitioner was convicted of armed robbery, conspiracy to commit armed robbery, first degree home invasion, conspiracy to commit first degree home invasion, unlawful imprisonment, conspiracy to commit unlawful imprisonment, and possession of firearm at time of commission or attempted commission of felony.  On October 29, 2008, the court sentenced Petitioner as a fourth habitual offender to 360 to 800 months for each armed robbery count, 117 to 500 months for each first degree home invasion count, and 65 to 500 months on each unlawful imprisonment count.

Plaintiff filed a direct appeal in the Michigan Court of Appeals, which was denied on April 21, 2011.  Petitioner's application for leave to appeal to the Michigan Supreme Court was denied on September 26, 2011.  Petitioner took no further action until April 13, 2015, when he filed a motion for relief from judgment in the Ingham County Circuit Court.  Petitioner's motion for relief from judgment was denied on June 9, 2015, and his subsequent motion for reconsideration was denied on June 29, 2015.  Petitioner did not file an appeal of this denial in the Michigan Court of Appeals or the Michigan Supreme Court.  Instead, Petitioner then filed a second motion for relief from judgment in the Ingham County Circuit Court, which was denied on January 4, 2016.  Petitioner's appeal from this denial was denied by the Michigan Court of Appeals on November 16, 2016, and the Michigan Supreme Court on October 3, 2017.

On August 6, 2018, Petitioner filed his habeas corpus petition.  Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the

2

federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on August 2, 2018. (Pet., ECF No. 1, PageID.16.)

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from

"the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on September 26, 2011. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on December 26, 2011. Petitioner did not file his application until August 1, 2018. Obviously, absent tolling, the one-year habeas limitation period would have expired on December 26, 2012.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired in 2012, his collateral motions filed in 2015 and 2016 did not serve to revive the limitations period.

Petitioner claims, however, that the right to assert a claim of ineffective assistance of counsel with regard to counsel's advice regarding a plea offer was not established until the

4

Supreme Court decided *Lafler v. Cooper*, 566 U.S. 156 (2012), on March 21, 2012. Therefore, Petitioner states that the statute of limitations on that claim did not begin to run until March 21, 2012. Petitioner's claim arguably seeks to measure the limitations period under 28 U.S.C. § 2244(d)(1)(C), from the date on which his alleged claim was first recognized by the Supreme Court. Giving Petitioner the benefit of his assertion that he could not have raised his ineffective assistance of counsel claim prior to *Lafler*, the statute of limitations would have expired on March 21, 2013. As previously discussed, Petitioner did not file his first motion for relief from judgment until April 13. 2015. Because his motion for relief from judgment was filed well after the statute of limitations expired, it could not serve to revive his period of limitations. *Payton*, 256 F.3d at 408; *Allen*, 366 F.3d at 401.

Petitioner has filed a motion seeking equitable tolling (ECF No. 3). The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence v. Florida*, 549 U.S. 327, 335 (2007); *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

5

As noted above, Petitioner claims that the right to assert a claim of ineffective assistance of counsel with regard to counsel's advice regarding a plea offer was not established until the Supreme Court decided *Lafler v. Cooper* on March 21, 2012.  Petitioner states that he could not file a habeas corpus action raising this issue until he obtained the affidavit of his former counsel, Attorney Michael Oakes.  Petitioner states that he obtained the affidavit, which is dated September 22, 2014, in late 2014 (ECF No. 1, PageID.20-21).  Therefore, Petitioner contends that the statute of limitations should be equitably tolled until after he obtained the affidavit.  Petitioner's argument lacks merit.

In the affidavit, Attorney Michael L. Oakes attests that he initially represented Petitioner, but ultimately referred Petitioner to another attorney who had more trial experience.  Approximately eighteen months later, Attorney Oakes accompanied Petitioner's attorney to the Ingham County Jail to discuss a plea offer with Petitioner.  During the visitation, Attorney Oakes asked to speak with Petitioner alone.  During this discussion, Attorney Oakes strongly advised Petitioner to take the plea deal for 7 years 8 months, explaining that Petitioner had already been incarcerated for 2 years and would only have to serve 5 years before his minimum out date.  Petitioner rejected the plea agreement against Attorney Oakes' advice.  (ECF No. 1, PageID.20-21.)

Petitioner asserts that his attorney of record, Mark E. Kamar, advised him to reject the plea deal because of conflicting stories among Petitioner's co-defendants and the inability of one co-defendant to identify Petitioner at all.  Petitioner states that absent that statement by Attorney Kamar, he would have taken the advice of Attorney Oakes and would have accepted the plea offer.  (ECF No. 1, PageID.17-18.)

6

Petitioner baldly claims that he was diligent in pursuing his rights. However, Petitioner fails to explain why it took more than two years to obtain the affidavit of Attorney Oakes. Nor does Petitioner explain why he could not have filed his motion for relief from judgment without first obtaining the affidavit of Attorney Oakes. Petitioner could have filed a motion for relief from judgment asserting his claim that Attorney Kamar's advice regarding the plea offer constituted ineffective assistance of counsel at any time after the Supreme Court's decision in *Lafler*, and Attorney Oakes' affidavit could have been filed by Petitioner at a later date. Therefore, Petitioner has not shown that he was diligent in pursuing his rights. Moreover, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 569 U.S. 383, 391-393 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable

7

tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399-400. Because Petitioner does not claim that he is actually innocent, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

Even though I have concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467.

I have concluded that Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

I find that reasonable jurists could not find it debatable whether Petitioner's application was timely. Therefore, I recommend that a certificate of appealability should be denied.

For the foregoing reasons, I recommend that Petitioner's motion for equitable tolling (ECF No. 3) and his habeas corpus petition be denied because the petition is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied.

Dated:   November 20, 2018             */s/ Timothy P. Greeley*
                                       Timothy P. Greeley
                                       United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).