UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| James Edward Walker,<br>    Petitioner,<br><br>-v-<br><br>Connie Horton,<br>    Respondent. | No. 2:18-cv-134<br><br>HONORABLE PAUL L. MALONEY |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On August 8, 2018, Petitioner James Walker filed a Petition under 28 U.S.C. § 2254 seeking relief from a state conviction. (ECF No. 1.) He subsequently filed a "Motion for Equitable Tolling," recognizing that his Petition was not timely under § 2254. (ECF No. 3.)

On November 20, 2018, the Magistrate Judge issued a Report and Recommendation pursuant to Rule 4 of the Rules Governing § 2254 Cases, concluding that the petition was time-barred and that neither equitable tolling nor actual innocence would excuse him from the statute of limitations. The matter is now before the Court on Petitioner's objections to the R & R. For the reasons to be briefly discussed, the Court will adopt the R & R as the Opinion of the Court.

### Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R & R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 72(b). A district court judge reviews de novo the portions of the R & R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*per curiam*) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); see also *Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Discussion

Petitioner's sole challenge to the Report and Recommendation is to the magistrate judge's conclusion that he was not entitled to equitable tolling. As noted in the R & R, Petitioner's one-year time period under 28 U.S.C. 2244(d)(1)(A) expired in 2012, and Petitioner did not file his state-court motions for relief from the judgment until 2015 and 2016. Thus, Petitioner cannot meet the usual statute of limitations under 28 U.S.C. § 2244(d)(1)(A).

Nor can Petitioner meet the deadline imposed for claims premised on a newly-announced and retroactive constitutional right under 28 U.S.C. § 2244(d)(1)(C). Petitioner argues that his claim rests upon *Lafler v. Cooper*, 566 U.S. 156 (2012), which he asserts first

2

established his constitutional right to effective assistance of counsel during plea negotiations. *Lafler* was decided on March 21, 2012, meaning that Petitioner's statute of limitations ran on March 21, 2013. *See* 28 U.S.C. § 2244(d)(1)(C).

However, Petitioner now argues that equitable tolling should apply because he diligently pursued his rights between the time *Lafler* was decided and the time he filed his first collateral attack on his conviction in state court on April 13, 2015. Petitioner states that he could not file a habeas corpus action during this time because he needed to obtain an affidavit from his former counsel, Michael Oakes, which he eventually managed to do. Oakes' affidavit is dated September 22, 2014.

However, as the magistrate judge noted, Petitioner has not explained why he could not have filed his petition with the state court and filed the Oakes affidavit at a later date. While Petitioner claims that filing an "unsubstantiated" petition in the state court would have been improper, the Court disagrees. Michigan Court Rules 6.507 and 6.508 allow for the expansion of the record or for an evidentiary hearing, and Petitioner could have pursued an evidentiary hearing to obtain Oakes' testimony. As a practical matter, habeas petitioners often do precisely that. Thus, the court finds that Petitioner is not eligible for equitable tolling as he has failed to demonstrate that he was diligent pursuing his rights between March 21, 2012 and April 13, 2015 or that extraordinary circumstances caused his untimely filing.

Put another way, if unavailability or delay in receiving transcripts is not enough to entitle a habeas prisoner to equitable tolling, *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751 (6th Cir. 2011) (collecting cases), then neither is a delay in receiving an affidavit from counsel. "There is simply no reason why [Petitioner] could not have submitted on or

before [March 21, 2013] what he ended up submitting on [April 13, 2015]. His failure to do so seems more the consequence of a lack of diligence than of "circumstances beyond [his] control." *Id.* (quoting *Inglesias v. Davis*, 2009 WL 87574 (6th Cir. Jan. 12, 2009) (unpublished op.)).

Accordingly, the Court **ADOPTS** the R & R (ECF No. 5) as the Opinion of the Court, **DISMISSES** Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1), and **DENIES** Petitioner's Motion for Equitable Tolling (ECF No. 3).

**JUDGMENT TO FOLLOW.**

<u>Certificate of Appealability</u>

The Court must determine whether a certificate of appealability should be granted. 28 U.S.C. § 2253(c)(2). A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this

standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Examining Petitioner's claims under the standard in *Slack*, the Court finds that reasonable jurists would not conclude that this Court's denial of Petitioner's claims is debatable or wrong. The Court thus **DENIES** Petitioner a Certificate of Appealability.

**IT IS SO ORDERED.**

**Date:** February 26, 2019                               /s/ Paul L. Maloney
                                                                                  Paul L. Maloney
                                                                                  United States District Judge